UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARINO, et al.,
    Plaintiffs,

v.

CITY OF NEW HAVEN, et al.,
    Defendants.

No. 3:09cv676 (SRU)

# RULING ON MOTION TO DISMISS

This case is an employment discrimination suit brought by two *pro se* plaintiffs against the City of New Haven and two of its employees. The defendants move to dismiss two of the Connecticut Fair Employment Practices Act ("CFEPA") claims for failure to administratively exhaust. Because the claims raised in this lawsuit are reasonably related to the claims raised before the Connecticut Commission on Human Rights and Opportunities ("CHRO"), that motion is denied. The defendants also move to dismiss the gender and age discrimination claims brought under 42 U.S.C. § 1983. Because the plaintiffs have failed to adequately plead that claim, the motion to dismiss is granted without prejudice to re-pleading.

**I. Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the

1

plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). *Plausibility* at the pleading stage is nonetheless distinct from *probability,* and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (quotation marks omitted).

## II. Background

This action arises from the termination of two New Haven city employees. The *pro se* plaintiffs are Phyllis Marino and Scheri Walker. The defendants are the City of New Haven ("the City" or "New Haven"); Andrew Rizzo, the Director of the City's Livable City Initiative ("LCI"); and Tina Burgett, the City's Human Resources/Personnel Director.

Marino worked for New Haven for fourteen years, ending on February 9, 2007. Amend. Compl. at ¶ 4. Marino was initially hired as a case manager, but beginning July 1995 worked as a Data Analyst II in the LCI Department. *Id*. at ¶¶ 12-13.

Walker worked for New Haven for eighteen years, ending on February 9, 2007. *Id*. at ¶ 5. Walker was initially hired as a housing production technician, but beginning July 1, 1996, worked in the LCI Department as a Data Analyst II. *Id*. at ¶ 14. She and Marino were employed under a grant funding the LCI. *Id*. at ¶ 16.

The plaintiffs were told that they were terminated because of a lack of funds for special projects such as the LCI. *Id*. at ¶ 17. Four other women over the age of forty were laid off at the same time; no men were laid off. *Id*. at ¶ 26. Defendants Burgett and Rizzo were involved in the decision to lay off the plaintiffs, and other women over the age of forty. *Id*. at ¶¶ 20, 53-54.

The plaintiffs allege that although they were told they were fired for budgetary reasons, the City continued to make new hires in the LCI Department. *Id.* at ¶ 23. For instance, shortly before the plaintiffs were laid off, the defendants hired Crystal Pagan, who at the time was under the age of thirty, to work as an administrative assistant. *Id.* at ¶ 19. She is still employed in the LCI Department. *Id*. In February 2007 the City also hired a woman under forty to be a legal secretary. *Id*. at ¶ 33. That woman was not more qualified for the job than the plaintiffs, and the plaintiffs were not offered an opportunity to transfer into the legal secretary position. *Id*. at ¶¶ 35-36.

The plaintiffs also allege that the City should have hired them for other positions for which they were qualified. *Id.* at ¶ 30. For instance, in April 2007, the plaintiffs interviewed for an administrative assistant position, which was eventually filled by a woman under the age of forty. *Id*. at ¶¶ 24-25. In December 2008 Marino applied for the LCI position of Neighborhood Specialist. *Id*. at ¶ 46. Marino was not selected for an interview. *Id*. at ¶ 47. Marino believes she was not selected because of retaliation for her decision to file a discrimination charge against the City. *Id*. at ¶ 48. The defendants also refused to consider Walker for a vacant Assessment

System Manager position, allegedly because she had made a CHRO complaint against the defendants. *Id*. at ¶¶ 49-51.

The plaintiffs bring the following claims: (1) gender discrimination in violation of Title VII against New Haven, (2) gender discrimination in violation of CFEPA against the City, (3) aiding and abetting in violation of CFEPA against Rizzo and Burgett, (4) marital status discrimination in violation of CFEPA against the City, (5) violation of the Age Discrimination in Employment Act ("ADEA") against the City, (6) retaliation in violation of CFEPA against the City, (7) gender and age discrimination in violation of 42 U.S.C. § 1983 against the City.

**III. Discussion**

The defendants seek to dismiss three of the plaintiffs' counts: counts three and six, the CFEPA counts, and count seven, the section 1983 count.

   A. <u>CFEPA (Aiding and Abetting) – Rizzo and Burgett</u>

The defendants seek to dismiss count three for failure to exhaust administrative remedies. Plaintiffs who wish to bring a claim under the CFEPA must first either file a complaint with the CHRO and appeal any dismissal of that complaint, or file an original action after obtaining a release from the CHRO. Conn. Gen. Stat. §§ 46a-83a, 46a-94(a), 4-183(a), 46a-100, 46a-101; *see also Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 271-72 (D. Conn. 2010). Plaintiffs are excused from the exhaustion requirements when the conduct alleged in the civil lawsuit is "reasonably related" to the conduct alleged in the CHRO complaint. *See Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir. 1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998).

4

The plaintiffs allege they filed a claim for employment discrimination with the CHRO, and received their right-to-sue letters on April 11, 2009. Amend. Compl. at ¶¶ 10-11. Their CHRO affidavits, however, did not list aiding and abetting under Conn. Gen. Stat. § 46a-60(a)(5) as one of their claims. Nevertheless, the third count should not be dismissed because the aiding and abetting claims now brought against Rizzo and Burgett are reasonably related to the claims alleged by the plaintiffs in their CHRO complaint. The plaintiffs both listed Rizzo and Burgett as respondents in their CHRO affidavits, and alleged that "respondent" eliminated their position, ostensibly for budgetary reasons, while continuing to hire other employees. Mot. to Dismiss at Ex. C. An aiding and abetting allegation could reasonably have been expected to grow out of a CHRO investigation of those claims, and thus, the motion to dismiss that claim is denied.

B. CFEPA (Retaliation) – City of New Haven

The defendants also allege that the plaintiffs' retaliation claim should be dismissed for failure to exhaust administrative remedies. The Second Circuit has held that a retaliation claim is reasonably related to the CHRO complaint when the "claim is one alleging retaliation by an employer against an employee for filing [a CHRO] charge."[1] *Butts*, 990 F.2d at 1402. Thus, the motion to dismiss the CFEPA retaliation claim is also denied.

C. Section 1983 (Gender and Age Discrimination) – City of New Haven

The defendants move to dismiss the plaintiffs' section 1983 claim because the plaintiffs have failed to allege which right has been violated, and because they have failed to allege a policy or custom of discrimination on the part of the City.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or

---

[1] Although the defendants appear to read the complaint as alleging retaliation for other charges of discrimination, Mot. to Dismiss at 6, I read it as alleging retaliation for the filing of the CHRO claim.

injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. The plaintiffs here failed to allege that the City had such a policy or custom. Instead, they allege that "Defendant City of New Haven . . . has had a policy, practice and custom of transferring funds to maintain employment only for those employees who were <u>married</u> employees." Amend. Compl. at 28 (emphasis added). In order to succeed on this claim, the plaintiffs need to plead that the City of New Haven had a policy or custom of discriminating on the grounds of age or gender, not marital status. Therefore, count seven is dismissed without prejudice to the filing of an amended complaint.[2]

### III. Conclusion

For the reasons stated above, the defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

It is so ordered.

Dated at Bridgeport, Connecticut this 23rd day of February 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[2] Although the plaintiffs may amend their complaint to revive their section 1983 claims, it is not immediately clear why they would want to do so. Their complaint already states federal claims against New Haven for age and gender discrimination. *See* count one (Title VII), count five (ADEA). To prove liability against the City under section 1983, the plaintiffs must prove the additional element of a policy or practice of the City.